<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4275**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTOPHER STEPHONE COBB,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (5:10-cr-00040-F-1)

———————

Submitted: February 28, 2012      Decided: March 20, 2012

———————

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert W. Waddell, THE WADDELL LAW FIRM PLLC, Greenville, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Stephone Cobb appeals his jury convictions for possession of a firearm and possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006), and two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). Cobb's sole contention on appeal is that the district court violated his rights under the Confrontation Clause of the Sixth Amendment by granting the Government's motion in limine and preventing him from cross-examining one of the arresting police officers about a specific, unrelated incident in an attempt to expose the officer's alleged racial bias. Finding no error, we affirm.

"We review de novo . . . an evidentiary ruling implicating the Confrontation Clause." United States v. Summers, 666 F.3d 192, 197 (4th Cir. 2011). "[T]o prove that the exclusion of . . . evidence was unconstitutional, the defendant must show that his evidence went directly to the issue of bias of the witness, or motive of the witness to fabricate." United States v. Hill, 322 F.3d 301, 304 (4th Cir. 2003). Upon review, we conclude that the district court did not violate Cobb's rights under the Confrontation Clause by granting the Government's motion in limine.

2

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED